Damian MONTANO; Trinidad Montano, Petitioners,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 00–70628.
I & NS Nos. A75–247–048, A75–247–047.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2002.

Decided May 14, 2002.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before BEEZER, THOMAS, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Damian Montano, along with his wife, Trinidad, whose claims are derivative of his, seeks review of the Board of Immigration Appeal's ("BIA") denial of his claims for asylum and withholding of deportation. Montano also appeals the BIA's denial of his motion to remand for determination of Montano's eligibility for relief under the Convention Against Torture ("CAT"). Montano further asserts that the BIA violated his right to due process by making an adverse credibility determination without giving Montano an opportunity to explain any alleged inconsistencies. We grant the petition insofar as it challenges the denial of Montano's asylum claim and dismiss the petition in all other respects.

Because the BIA adopted the reasoning of the Immigration Judge ("IJ") and added its own reasons for denial, we review the decisions of both the BIA and the IJ. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995); *see also Chand v. INS*, 222 F.3d 1066, 1072 n. 7 (9th Cir.2000) (reviewing only BIA's decision but noting that "[i]f the BIA had adopted the IJ's decision while adding its own reasons, we would have to review both decisions").

### I

Montano argues that the BIA violated his right to due process by making an

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

adverse credibility determination without giving Montano the opportunity to explain any perceived inconsistencies.

■ The BIA's comments do not constitute an adverse credibility determination. The BIA did not expressly disagree with the IJ's finding of credibility. The BIA did not deny Montano's claims based on testimonial incredibility, but on Montano's failure to establish the statutory criteria for relief. In any event, the inconsistencies in Montano's testimony and between his testimony and declaration were minor and do not support an adverse credibility finding. *See Chand,* 222 F.3d at 1070 n. 4; *Osorio v. INS,* 99 F.3d 928, 931 (9th Cir. 1996).

## II

A denial of asylum eligibility or withholding of deportation will be affirmed if the denial is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(A)(4); *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Reversal is appropriate only if "a reasonable factfinder would have to conclude" that eligibility was established. *Id.* Because Montano's testimony was held to be credible, the facts to which he testified "are deemed true, and the question remaining to be answered becomes whether these facts, and their reasonable inferences, satisfy the elements of the claim for relief." *Ladha v. INS,* 215 F.3d 889, 900 (9th Cir.2000).

### A. Asylum

Montano argues that the evidence compels the conclusion that he has a well-founded fear of persecution. We agree.

■ Montano was stabbed and threatened with death after soldiers of the Salvadoran army accused him of being a guerril-la. Armed men came looking for Montano at his residence. Other persons who aided the guerrillas, including members of Motano's family, were beaten, threatened or killed due to their affiliation with the guerrillas. These facts compel the conclusion that Montano suffered past persecution in El Salvador. *See Ernesto Navas v. INS,* 217 F.3d 646, 658–62 (9th Cir.2000) (holding that evidence showing that applicant was threatened and that his family members were beaten, threatened or killed by Salvadoran army on account of their affiliation with guerrillas "unquestionably demonstrates persecution").

Because he has established past persecution, Montano is entitled to the presumption that he holds a well-founded fear of persecution. *See* 8 C.F.R. § 208.13(b)(1); *Ladha,* 215 F.3d at 897. This presumption was not rebutted. Although the rebuttal evidence shows a lessening of violence in El Salvador, the testimony and declarations of Montano and his brother Ali compel the conclusion that members of Montano's family remain subject to a clear possibility of persecution in El Salvador. *See Garrovillas v. INS,* 156 F.3d 1010, 1017 (9th Cir.1998) ("[T]he BIA may give weight to reports of improved conditions ... but only to the extent that they are applicable to [the petitioner]'s individual circumstances."). The fact that several of Montano's relatives who did not support the guerrillas have lived without incident in El Salvador cannot, when viewed with other evidence in the record, support the conclusion that Montano does not have a clear possibility of being persecuted if he returns to El Salvador.

We also examine each basis for denial given by the BIA and IJ to determine if it is supported by substantial evidence. *Chen v. INS,* 266 F.3d 1094, 1098 (9th Cir.2001). If an appropriate ground for denying asylum eligibility is supported by

substantial evidence, the denial will be upheld. *Id.* We find no sufficient ground for denial that is supported by substantial evidence.

The BIA characterized Montano's encounter at the police checkpoint as stemming from general conditions of violence in El Salvador and dismissed the encounter as non-persecutory. This finding is not supported by substantial evidence. The fact that Montano was stopped and searched at the army checkpoint plausibly stems from general conditions in the country. The encounter became persecutory, however, after the soldiers noticed a drop of blood on Montano's identification card. The soldiers imputed a political opinion to Montano-affiliation with the guerrilla forces-and hit or stabbed and threatened to kill him on account of that opinion.

The IJ discounted Montano's testimony regarding the armed men who came to his house. The IJ is correct that, even accepting Montano's version of the events as true, the evidence does not establish that the men who came to Montano's house were Salvadoran soldiers. The encounter does not, however, plausibly stem only from general conditions of violence. The incident points to specific targeting of Montano either by the government or by a group the government was unable or unwilling to control.

Both the BIA and IJ cited vagueness in Montano's testimony and inconsistencies between Montano's testimony and his written declaration as reasons for denying his application. Minor inconsistencies or vagueness in testimony are inappropriate grounds for denying asylum. *See Osorio,* 99 F.3d at 931.

The evidence compels the conclusion that Montano suffered past persecution in El Salvador. The INS failed to rebut this presumption. Each of the findings relied upon by the BIA and IJ to deny Montano's asylum application either is not supported by substantial evidence or is an inappropriate ground for denying the application.

The petition for review is granted insofar as it challenges the denial of asylum eligibility. We remand to the BIA for the BIA to exercise its discretion whether to grant asylum to Montano. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002).

### B. Withholding of Deportation

Montano argues that the evidence compels the conclusion that he would more likely than not suffer persecution were he to return to El Salvador. We disagree.

Because the evidence compels the conclusion that Montano suffered past persecution, a rebuttable presumption arises that he is entitled to withholding of deportation. *See* 8 C.F.R. § 208.16(b); *Ladha,* 215 F.3d at 897. To rebut this presumption, the INS was required to show by a preponderance of the evidence that "conditions in the country ha[d] changed to such an extent that it [was] no longer more likely than not that the applicant would be so persecuted there." 8 C.F.R. § 208.16(b)(2) (2000).

Substantial evidence supports the BIA's holding that Montano would not more likely than not be subject to persecution were he returned to El Salvador. Montano had not been to El Salvador for six years when the IJ denied his application for withholding. This lapse of time suggests, as the IJ put it, that the likelihood "would be highly remote that anyone would [still] be interested in [Montano]." The State Department reports that conditions have improved substantially in El Salvador since peace accords were signed in 1992. Several of Montano's relatives, including his children, have lived in El Salvador without incident for several years.

Although the evidence compels the conclusion that Montano would be subject to a clear possibility of persecution were he to return to El Salvador, it does not require us to conclude that he would more likely than not be persecuted. We dismiss the petition for review insofar as it challenges the denial of withholding of deportation.

## III

 Montano argues that the BIA erroneously denied his motion to remand and reopen for determination of eligibility for relief under the CAT. We disagree.

A BIA decision to deny a motion to reopen is reviewed for abuse of discretion. *Gui*, 280 F.3d at 1230. The BIA may deny a motion to reopen if the applicant fails to make a prima facie case for eligibility. *INS v. Abudu*, 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

To establish eligibility for relief under the CAT, the applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *Gui*, 280 F.3d at 1230. The burden of proving relief under the CAT is similar to the burden for proving qualification for withholding of deportation. *Compare* 8 C.F.R. § 208.16(c)(2) *with* 8 C.F.R. § 208.16(b). Both require the applicant to show that harm would be "more likely than not." Assuming that "torture" is at least as egregious as "persecution," Montano *a fortiori* failed to show that he is more likely than not to be tortured were he to return to El Salvador.

The BIA did not abuse its discretion in holding that Montano did not make a prima facie case for relief under the CAT. The petition for review is dismissed insofar as it challenges the BIA's denial of Montano's motion to remand for determination of relief under the CAT.

## IV

The petition for review is granted insofar as it challenges the denial of Montano's asylum claim. The petition for review is dismissed in all other respects.

Petition for review GRANTED in part and DISMISSED in part. The case is REMANDED to the BIA for an exercise of discretion by the Attorney General with respect to whether or not Montano's asylum request should be granted.